**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**February 27, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff-Appellee, | No. 05-4066 |
| v. | District of Utah |
| DEAN JOHNSON, | (D.C. No. 2:04-CR-00334-TC) |
| Defendant-Appellant. | |

**ORDER AND JUDGMENT** *

Before **HARTZ**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

Defendant-appellant Dean Johnson pled guilty to bank fraud and was sentenced to 41 months' imprisonment. He appeals his sentence. Our jurisdiction arises under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

---

*After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

The district court based Mr. Johnson's 41-month sentence on a finding that the United States Sentencing Guidelines ("Guidelines") required a sixteen level enhancement for a $2 million loss suffered by the Bank of Ephraim ("the Bank"), and a four level enhancement for jeopardizing the safety and soundness of a financial institution. Mr. Johnson now argues that the sentence is unreasonable because the district court (1) lacked sufficient evidence that he was responsible for the loss, and (2) lacked sufficient evidence that he jeopardized the safety and soundness of the Bank. Mr. Johnson does not otherwise challenge the district court's sentencing calculation.

Following the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005), the Guidelines are advisory. Because the sentencing court is required to "consider" the Guidelines range, *United States v. Gonzalez-Huerta*, 403 F.3d 727, 748–49 (10th Cir. 2005) (en banc), which means the correctly calculated Guidelines range, we continue to review the factual findings for clear error and the legal determinations involved in determining the range de novo. *United States v. Serrata*, 425 F.3d 886, 906 (10th Cir. 2005). The ultimate sentence is then reviewed for reasonableness. *Booker*, 543 U.S. at __, 125 S.Ct. at 764–66 (Breyer, J.). "[A] sentence that is properly calculated under the Guidelines is entitled to a rebuttable presumption of reasonableness." *United States v. Kristl*, No. 05–1067, at 5, __ F.3d___, ___ (10th Cir. 2005).

Under the Guidelines, a defendant is accountable for the entire loss created by a fraudulent organization if the defendant played a major role in the organization and the losses were reasonably foreseeable. *See United States v. Osborne*, 332 F.3d 1307, 1311 (10th Cir. 2003). Mr. Johnson argues that regardless of however much money his co-defendant, Randy McArthur, embezzled, the government failed to introduce evidence at sentencing that Mr. Johnson played a major role in that embezzlement, or that he reasonably foresaw the amount of loss to the bank. Therefore, Mr. Johnson argues, the district court's application of a sixteen level enhancement was unreasonable.

Although Mr. McArthur assumed a larger role in the fraud, Mr. Johnson's contribution was by no means insignificant: he created false documents that were subsequently submitted to the Bank, independent outside auditors, and state and federal bank examiners in order to hide millions of dollars in losses. Mr. Johnson's false documents enabled the fraud to continue unabated for several years. Moreover, during that period Mr. Johnson logically would have been able to foresee the Bank's losses. After all, he was personally concealing them. We find no clear error on the part of the district court in attributing the $2 million loss to Mr. Johnson.

Turning to Mr. Johnson's second argument, the district court heard sufficient evidence to determine that he jeopardized the safety and soundness of

-3-

the Bank. After factoring in the loss that had been concealed, the Bank's net worth was less than zero and it was declared insolvent. The former president of the Bank testified that the loss broke the Bank. An accountant hired by the Bank testified that the missing funds caused the Bank's failure. In short, there was evidence that Mr. Johnson's concealment of the losses not only "seriously jeopardized" the Bank's safety and soundness, but effectively destroyed it.

Whether or not Mr. Johnson appreciated the full impact of his conduct is irrelevant. *See United States v. Checora*, 175 F.3d 782, 789 (10th Cir. 1999) (stating that a defendant's inability to perceive a victim's vulnerability is not necessarily a defense). Mr. Johnson knew that he was falsifying bank documents involving millions of dollars and that those documents were being submitted to a financial institution over a period of several years. It was foreseeable that such actions could lead to potentially disastrous results.

The judgment of the United States District Court for the District of Utah is **AFFIRMED**.

Entered for the Court,

Michael W. McConnell
Circuit Judge

-4-